IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

TINA RENEE ALLEN,

              Plaintiff,

v.                                Civil Action No.
                                      1:15-CV-1120 (DEP)

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

              Defendant.

---

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP           PAUL EAGLIN, ESQ.
300 S. State Street               HOWARD D. OLINSKY, ESQ.
5th Floor, Suite 520
Syracuse, NY 13202

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN   ARIELLA R. ZOLTAN, ESQ.
United States Attorney for the     DAVID L. BROWN, ESQ.
Northern District of New York      MARIA F. SANTANGELO, ESQ.
P.O. Box 7198                        Special Assistant U.S. Attorneys
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on June 16, 2016, during a telephone conference held on the record. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

2) The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: June 17, 2016
Syracuse, NY

```
           UNITED STATES  DISTRICT COURT
           NORTHERN DISTRICT OF NEW YORK
           ------------------------------------------x
           TINA RENEE ALLEN,

                                   Plaintiff,

           vs.                            1:15-CV-1120

           CAROLYN W. COLVIN, Acting Commissioner of
           Social Security,


                                   Defendant.
           ------------------------------------------x

                  Transcript of a **Decision** held during a

           Telephone Conference on June 16, 2016, at the James

           Hanley Federal Building, 100 South Clinton Street,

           Syracuse, New York, the HONORABLE DAVID E. PEEBLES,

           United States Magistrate Judge, Presiding.

                           A P P E A R A N C E S

                             (By Telephone)

           For Plaintiff:      OLINSKY LAW GROUP
                               Attorneys at Law
                               300 S. State Street
                               Suite 420
                               Syracuse, New York  13202
                                 BY:  PAUL B. EAGLIN, ESQ.

           For Defendant:      SOCIAL SECURITY ADMINISTRATION
                               Office of Regional General Counsel
                               Region II
                               26 Federal Plaza - Room 3904
                               New York, New York  10278
                                 BY:  ARIELLA R. ZOLTAN, ESQ.


                       *Jodi L. Hibbard, RPR, CSR, CRR*
                    *Official United States Court Reporter*
                          *100 South Clinton Street*
                        *Syracuse, New York  13261-7367*
                               *(315) 234-8547*
```

1  (The following is an excerpt from the
2  telephone conference proceedings held on
3  6/16/16.)
4  THE COURT: All right. Thank you both. So I have
5  before me a request for judicial review of an adverse
6  determination of the Acting Commissioner pursuant to 42
7  United States Code Section 405(g).
8  The background is as follows: Plaintiff was born
9  on -- in October 1971, is currently 44 years old, was 41
10 years old at the time of the administrative hearing in this
11 matter. She lives in Pine Bush, New York with her husband
12 and 18-year-old son at the time of the hearing and a
13 16-year-old daughter also at the time of the hearing. She
14 has a 12th grade education, and was in regular education
15 classes without any special education. She has taken some
16 college courses.
17 She has a -- she is a certified nursing -- nurse's
18 assistant, and worked in that field eight to ten years. She
19 last worked in February of 2012. Her most recent past work
20 included as a cashier, a cashier supervisor. She left those
21 positions because she had difficulty in standing, going up
22 and down stairs to a break room, and reaching.
23 She has several diagnosed physical conditions
24 including type 2 diabetes with neuropathy, which has been at
25 various times described as uncontrolled, an L5-S1 lumbar back

issue, depression. She testified that she suffers from weakness and pain in her arms, legs, and neck. She cannot drive. She also suffers from depression although she had not undergone any specialized mental health treatment. At one point in the medical records there was a suspicion that she suffered from multiple sclerosis.

She has undergone treatment and testing at both Crystal Run Health Care where she has seen, among others, Dr. Kristen Hull and Dr. Mrilini Yeddu, also Columbia Neurology where she has seen Claire Riley and Louis Weimer. She uses a cane which was not prescribed but was recommended by Dr. Puri at 346. Dr. Yeddu also mentions the cane at page 418 of the administrative transcript. She also testified that she experienced a 20-pound weight loss in August of 2012. I think it's fair to say that although much of the testing that she underwent was normal, the medical care treaters have been unable to pinpoint the etiology of her reported pain and weakness.

Medically speaking in terms of prescription medications, she has at various times taken tramadol, Percocet, venlafaxine which -- for depression, Januvia for diabetes, Amaryl for diabetes, Cymbalta, Mobic and Effexor.

Procedurally, she applied for a disability, period of disability and Disability Insurance benefits on May 4, 2012, alleging an onset date of February 8, 2012. A hearing

1  was conducted by Administrative Law Judge Vincent Cascio,
2  C-a-s-c-i-o, on July 18, 2013.  ALJ Cascio issued a decision
3  on November 22, 2013, finding that the plaintiff was not
4  disabled at the relevant times and therefore ineligible for
5  benefits.  That decision became a final determination of the
6  agency on February 27, 2015 when the Social Security
7  Administration Appeals Council denied her request for review.
8       In the ALJ's decision, the five-step progressive
9  test for determining disability as set forth in the
10 regulations was applied by the administrative law judge.
11      He determined at step two that the plaintiff
12 suffers from diabetes mellitus with peripheral neuropathy,
13 spondylolisthesis at L5-S1, and major depression.
14      At step three, the administrative law judge
15 concluded that the conditions did not meet or medically equal
16 any of the listed presumptively disabling conditions set
17 forth in the Commissioner's regulations, focusing on, among
18 others, Listings 9.08, 11.14, and 12.04.
19      He then went on to survey the medical evidence and
20 concluded that the plaintiff retains the residual functional
21 capacity or RFC to perform sedentary work with some minor
22 postural limitations, and also found that she is limited to
23 understanding, remembering, and carrying out simple
24 unskilled, work-related tasks, having the ability to maintain
25 attention/concentration for such tasks, regularly attend to a

1  routine and maintain a schedule, relate to and interact
2  appropriately with others, and handle reasonable levels of
3  work-related stress in a simple, repetitive job.  Applying
4  that RFC, the Commissioner -- I'm sorry, the administrative
5  law judge concluded that plaintiff is not able to perform her
6  past relevant work, because of the exertional limitations
7  associated with that work.

8　　　　　At step five, the opinions of a vocational expert
9  were elicited.  It was noted that if the plaintiff was able
10  to perform a full range of sedentary work, a finding of no
11  disability would be directed by Rule 201.27 of the Medical
12  Vocational Guidelines or the grids.  The vocational expert
13  was given a hypothetical that closely aligned with the RFC
14  finding, and concluded that plaintiff was able to perform in
15  the positions of callout operator and surveillance system
16  monitor and that there were sufficient number of jobs in
17  those two categories to be available and he therefore found
18  that she was not disabled.

19　　　　　As you know, my task is very limited and
20  circumscribed.  I must determine whether that finding is
21  supported by substantial evidence and correct legal
22  principles were applied.  Substantial evidence, of course, is
23  a very deferential standard, such evidence as reasonable
24  minds would accept to support a conclusion.
25　　　　　In terms of the cane issue which is front and

1  center, as counsel have indicated, it's clear that two
2  medical persons, Dr. Yeddu, and Dr. Puri, have indicated that
3  a cane is recommended to assist the plaintiff with balance,
4  and I agree with plaintiff's counsel that under Social
5  Security Ruling 96-9p, that while it may be that in a
6  sedentary position the need for a cane is less critical,
7  nonetheless, the Social Security Ruling does recommend that
8  that situation, that a vocational expert's opinion be
9  elicited to determine whether there is any further erosion of
10 the job base.  It specifically states in these situations, it
11 may be especially useful to consult a vocational resource in
12 order to make a judgment regarding the individual's ability
13 to make an adjustment to other work.
14          So I believe that it was improper not to include
15 the use of a handheld assistive device and any limitation
16 associated with balance in the RFC, and of course that then
17 infected the hypothetical given to the vocational expert.
18          I also agree with plaintiff's counsel that at step
19 five, this is a step five issue, and it is the Commissioner's
20 burden at step five, not the plaintiff's burden of proof to
21 be carried.
22          I also think that there is not substantial evidence
23 to support the rejection of Dr. Skamai's opinions concerning
24 both potential cognitive deficits and the inability to -- of
25 plaintiff to maintain attention, concentration, learn new

1  tasks, and appropriately deal with stress at page 352.
2  They -- those opinions appear to be supported by exam and
3  testing, and to say that because the plaintiff is able to do
4  certain things in the home to care for herself, cook and so
5  forth doesn't translate in my view and give a nonexamining
6  consultant a basis to reject those findings.
7  So in my judgment, the rejection of Dr. Yeddu's
8  opinions as a treating source is also not well explained.  I
9  recognize that there is case law that says that the
10 administrative law judge does not need to by rote go through
11 the six factors and regulations to be considered when a
12 treating source's opinion is being rejected; however, there
13 needs to be some statement that would permit meaningful
14 judicial review and I don't believe that simply saying I'm
15 rejecting it because it does not -- it's not supported by the
16 record as a whole doesn't allow for that type of meaningful
17 judicial review.
18 So for all of these reasons, I believe the
19 Commissioner's determination is flawed and not supported by
20 substantial evidence.  I grant judgment on the pleadings to
21 the plaintiff.  I do not believe that there is such
22 persuasive proof of disability that there should be a
23 directed finding of disability.  Instead, I am going to
24 remand for further proceedings consistent with my opinion,
25 and so judgment on the pleadings will be granted without a

1  directed finding of disability to the plaintiff.
2           Thank you both for excellent presentations,
3  interesting case, I enjoyed working with you.
4           MR. EAGLIN:  Thank you, your Honor.
5           MS. ZOLTAN:  Thank you very much.
6                (Proceedings Adjourned, 2:44 p.m.)

1    CERTIFICATE OF OFFICIAL REPORTER
2
3
4        I, JODI L. HIBBARD, RPR, CRR, CSR, Federal
5    Official Realtime Court Reporter, in and for the
6    United States District Court for the Northern
7    District of New York, DO HEREBY CERTIFY that
8    pursuant to Section 753, Title 28, United States
9    Code, that the foregoing is a true and correct
10   transcript of the stenographically reported
11   proceedings held in the above-entitled matter and
12   that the transcript page format is in conformance
13   with the regulations of the Judicial Conference of
14   the United States.
15
16                  Dated this 17th day of June, 2016.
17
18
19                  /S/ JODI L. HIBBARD
20                  JODI L. HIBBARD, RPR, CRR, CSR
                    Official U.S. Court Reporter
21
22
23
24
25